UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MAGIE MALARO and <br> ANTHONY MALARO, <br>     *Plaintiffs,* <br><br> v. <br><br> ROGER WILKIE, JR., individually and <br> as owner of ROGER WILKIE, JR., <br> BUILDER, INC. <br>     *Defendants.* | C.A. No. 1:22-cv-10548 |

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANTS' MOTION TO DISMISS

NOW COME Defendants, Roger Wilkie, Jr. ("Wilkie"), individually and as owner and President of Roger Wilkie, Jr. Builder, Inc. ("RWB") (collectively "Defendants"), and pursuant to Fed. R. Civ. P. 12(b)(1) and (6) hereby submit this Motion to Dismiss the Complaint and Jury Demand (Doc. 1, "Complaint") of Plaintiffs, Magie Malaro and Anthony Malaro ("Plaintiffs").

### FACTS[1]

RWB is a foreign corporation with a principal place of business located at 558 Fish Road, Tiverton, Rhode Island. *See* Doc. 1 at ¶ 4. Wilkie is an individual having a primary residence in Tiverton, Rhode Island. *Id.* at ¶ 3. Around 2020, Plaintiffs made a decision to renovate their property, and they discussed the project with RWB. *Id.* at ¶ 7-9.

RWB allegedly made representations to Plaintiffs that it would complete the project for a budget of $175,000.00, and he could complete it by April of 2021. *Id.* at ¶ 9-10. The parties never reduced their agreement to a single integrated, written contract. *Id.* at ¶ 12-13. Plaintiff prepared a written scope of work and RWB submitted a written format for billing the project on

---

[1] Pursuant to the governing standard of review, the facts recited below are assumed as true solely for the purposes of this motion, and they are not conceded or admitted in any way.

a Time & Materials basis. Wilkie began the renovation work and submitted invoices detailing the labor, materials and work performed by various subcontractors on the project. These invoices were paid until plaintiffs unexpectedly terminated the services of RWB. *Id.* at ¶ 15-16.

From April through June 2021, Plaintiffs allege that they attempted to contact RWB with respect to the progress of the work on the project, as well as an accounting for what was due and owed to date. *Id.* at ¶ 18-22. On August 30, 2021, Plaintiffs received the first set of billing statements from RWB. *Id.* at ¶ 23. In response to the billing statements, Plainiffs made full payment and wrote to RWB on August 30, 2021 about the work completed and the progress payments. *Id.* at ¶ 25.

On February 12, 2022 the Plaintiffs alleged that RWB failed to communicate adequately with them and that the project exceeded the original budget. *Id.* at ¶ 28. The parties do not agree on the scope of work and the significance of the original budget after Plaintiff requested changes and additional work. The February 12, 2022 correspondence from Plaintiffs indicated that they were paying RWB the open balance on the invoices submitted to "fully close this chapter" and resolve all issues between the parties and terminate the relationship. *Id.* at Ex. F.

## STANDARDS OF REVIEW

*Subject Matter Jurisdiction*

Rule 12(b)(1) is "the proper vehicle for challenging a court's subject matter jurisdiction." *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 362 (1st Cir. 2001). As the First Circuit Court of Appeals has explained, subject matter jurisdiction is never presumed, because federal courts are courts of limited jurisdiction. *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005). And when a defendant challenges the existence of subject matter jurisdiction, the burden then shifts to the plaintiff, who, as "the party invoking the jurisdiction of a federal court[,] carries the burden of

2

proving its existence." *Johansen v. U.S.*, 506 F.3d 65, 68 (1st Cir. 2007) (quoting *Murphy v. United States,* 45 F.3d 520, 522 (1st Cir. 1995)).

*Failure to State a Claim Upon Which Relief Can be Granted*

To survive a Rule 12(b)(6) motion to dismiss, a complaint must include factual allegations that, when taken as true, demonstrate a plausible claim to relief even if actual proof of the facts is improbable. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-58 (2007). While "not equivalent to a probability requirement, the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully." *Boroian v. Mueller*, 616 F.3d 60, 65 (1st Cir. 2010) (internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." *Feliciano-Hernandez v. Pereira-Castillo*, 663 F.3d 527, 533 (1st Cir. 2011) (internal quotation marks and citations omitted). "Non-conclusory factual allegations in the complaint must [] be treated as true, even if seemingly incredible"; but the Court "is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bruns v. Mayhew*, 750 F.3d 61, 71 (1st Cir. 2014) (quoting *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011), *and Twombly*, 550 U.S. at 555). Ultimately, the complaint "must state a plausible, but not a merely conceivable, case for relief." *Ocasio-Hernández*, 640 F.3d at 12; *see also Sepúlveda-Villarini v. Dep't of Education*, 628 F.3d 25, 29 (1st Cir. 2010).

## ARGUMENT

Plaintiffs' Complaint has several deficiencies that warrant its dismissal. First, and most importantly, Plaintiffs have failed to invoke this Court's subject matter jurisdiction because there is not a complete diversity of citizenship between the Plaintiffs and Defendants. Second, the Complaint's factual allegations fail to plead facts that pierce the corporate veil to impart individual liability to Wilkie with respect to Plaintiffs' claims of breach of contract, fraudulent

misrepresentation, conversion, violation of M.G.L. c. 142A, violation M.G.L. c. 93A, and breach of the implied warranty of good workmanship.  Finally, Plaintiffs failed to plead their allegations of fraud against Defendants with particularity.

1. **The Complaint Must be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(1) Because the Court Lacks Subject Matter Jurisdiction as there is no Diversity of Citizenship.[2]**

One method to "engage the gears" of Rule 12(b)(1) "is by converting the accuracy . . . of the jurisdictional facts asserted by the plaintiff and proffering materials of evidentiary quality in support of that position." *Valentin*, 254 F.3d at 363.  When that gear is engaged, "the plaintiff's jurisdictional averments are entitled to no presumptive weight; the court must address the merits of the jurisdictional claim by resolving the factual disputes between the parties." *Id*.  "The rationale for this praxis is obvious.  A court's authority to hear a particular case is a necessary precondition to the proper performance of the judicial function.  Thus, when a factbound jurisdictional question looms, a court must be allowed considerable leeway in weighing the proof, drawing reasonable inferences, and satisfying itself that subject-matter jurisdiction has attached." *Id*. at 364 (citing *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981)).

Federal courts possess subject matter jurisdiction in only a few instances, one being when there is a diversity of citizenship among the parties to the lawsuit.  Specifically, "[f]ederal diversity jurisdiction is available in cases arising between citizens of different states or a citizen of a state and a citizen of a foreign state in which the amount in controversy exceeds $75,000." *Vilaythong v. Sterling Software, Inc.*, 353 F. Supp. 3d 87, 91 (D. Mass. 2018) (citing 28 U.S.C. § 1332(a)). "In the case of diversity jurisdiction, diversity must be complete; i.e., no two parties on opposite

---

[2] When a court is confronted with a challenge of federal jurisdiction and a 12(b)(6) motion, generally, a court should rule on the jurisdictional issue first, before deciding on the 12(b)(6). As one court has explained, "[i]f the court [then] lacks subject matter jurisdiction [pursuant to a 12(b)(1) motion], assessment of the merits [pursuant to a 12(b)(6) motion] becomes a matter of purely academic interest." *Gonzalez v. Otero*, 172 F. Supp. 3d 477, 495 (D.P.R. 2016) (citing *Deniz v. Municipality of Guaynabo*, 285 F. 3d 142, 149 (1st Cir. 2002)).

sides of the 'versus' may be citizens of the same state." *Blacksmith Invs., LLC v. Cives Steel Co.*, 228 F.R.D. 66, 70 (D. Mass. 2005); *see also M & I Heat Transfer Prod., Ltd. v. Willke*, 131 F. Supp. 2d 256, 260 (D. Mass. 2001) (stating that "[t]he complete diversity rule requires that, to maintain a diversity suit in federal court, no plaintiff can be a citizen of the same state as any of the defendants").

Here, Plaintiffs have alleged that "Diversity jurisdiction lies in this Court pursuant to 28 U.S.C. § 1332. Plaintiffs and Defendants are citizens of different states." *See* Doc. 1 at ¶ 5. This allegation, however, is demonstrably untrue. As set forth in the declaration submitted herewith, RWB and Wilkie have a domicile within the Commonwealth of Massachusetts.

"The determination of domicile presents a mixed question of law and fact." *Bank One, Texas, N.A. v. Montle*, 964 F.2d 48, 51 (1st Cir. 1992). "Citizenship is determined by domicile, which can be established by demonstrating that the individual is physically present in the state and has an intent to remain indefinitely." *Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 383, 24 S.Ct. 696, 48 L.Ed. 1027 (1904); *Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698, 701 (1st Cir. 1979).

"Courts typically take into account a variety of factors indicating the extent of a particular party's ties to the purported domicile. These include: current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs and other associations; place of employment or business; driver's license and other automobile registration; [and] payment of taxes." 13B Wright, Miller & Cooper, *Federal Practice and Procedure* § 3612 (2d ed. 1984); *see also Bank One*, 964 F.2d at 50; *Hawes*, 598 F.2d at 700. "No single factor is dispositive, and the analysis focuses not simply on the number of contacts with the purported domicile, but also on

their substantive nature." *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 12 (1st Cir. 1991).

Wilkie has a residence in Tiverton, Rhode Island. *See* Doc. 1 at ¶ 3. Tiverton, Rhode Island is a border town, and accordingly RWB and Wilkie have significant ties to Massachusetts which establishes a domicile for both in the Commonwealth. Wilkie owns real property located at 1180 Main Road, Westport, Massachusetts. *See* Declaration of Roger Wilkie, Jr. in Support of Motion to Dismiss at ¶ 4 and Ex. 1. ("Wilkie Declaration"). Wilkie has owned this property since October 19, 1990. *Id.* at ¶ 5. Wilkie has been a taxpayer in Westport and the Commonwealth of Massachusetts since that time, and clearly evidences his intent to remain. *Id.* at ¶ 5 and Ex. 2.

RWB and Wilkie hold numerous bank accounts at Massachusetts banking institutions, as well as a brokerage account. *Id.* at ¶ 6-7. Wilkie is a member of The Bay Club in Mattapoisett, Massachusetts. *Id.* at ¶ 8. Finally, Wilkie has significant professional ties in Massachusetts, and half of RWB's business occurs in the Commonwealth. *Id.* at ¶ 9. In evaluating Wilkie's personal and professional ties in the Commonwealth of Massachusetts, it is clear that Wilkie and RWB satisfy most of the criteria set forth in the established caselaw. *See Bank One*, 964 F.2d at 50; *Hawes*, 598 F.2d at 700.

With an established domicile for RWB and Wilkie within the Commonwealth of Massachusetts, complete diversity of all plaintiffs and all defendants herein does not exist, and accordingly the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1)[3].

**2. The Complaint Must be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) as to Wilkie in His Individual Capacity Because Plaintiffs Have Failed to Plead Facts Which Would Make Wilkie Liable in His Individual Capacity.**

---

[3] Additionally, on June 17, 2022 RWB has filed in the Bristol County Superior Court its Complaint to enforce its mechanics' lien rights against Magie and Anthony Malaro in *Roger Wilkie, Jr., Builder, Inc. v. Magie Malaro and Anthony Malaro*, C.A. No.: 2273CV00429C. M.G.L. c. 254 § 5 provides, in pertinent part, "A lien upon land…shall be enforced by a civil action brought in the superior court for the county where such land lies or in the district court in the judicial district where such land lies."

In *Birbara v. Locke*, 99 F.3d 1233 (1996), the First Circuit Court of Appeals has observed "the Supreme Judicial Court has repeated that under Massachusetts law, the corporate veil will only be pierced in rare situations." *Spaneas v. Travelers Indem. Co.*, 423 Mass. 352, 668 N.E.2d 325, 326 (1996) (corporate veil will only be pierced to prevent gross inequity); *Berger v. H.P. Hood, Inc.*, 416 Mass. 652, 624 N.E.2d 947, 950 (1993) (corporate form will be respected absent "compelling reason of equity" to do otherwise); *Gurry v. Cumberland Farms, Inc.*, 406 Mass. 615, 550 N.E.2d 127, 134 (1990) (same); *Worcester Ins. Co. v. Fells Acres Day Sch.*, 408 Mass. 393, 558 N.E.2d 958, 968–69 (1990) (noting the reluctance to disregard the corporate form); *Commonwealth v. Beneficial Fin. Co.*, 360 Mass. 188, 275 N.E.2d 33, 91 (1971) (courts will only look through the corporate veil to "accomplish ... essential justice"), *cert. denied*, 407 U.S. 910, 92 S.Ct. 2433, 2435, 2448, 32 L.Ed.2d 689 (1972) *and* 407 U.S. 914, 92 S.Ct. 2433, 2434, 32 L.Ed.2d 689 (1972); *Gordon Chem. Co. v. Aetna Casualty & Surety Co.*, 358 Mass. 632, 266 N.E.2d 653, 657 (1971); *see also United Elec. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1091 (1st Cir.1992) ("Under Massachusetts common law, disregarding the corporate form is permissible only in rare situations.").

Plaintiffs have indiscriminately asserted claims against Wilkie and RWB in a shotgun pleading style. Plaintiffs have alleged no set of facts that give rise to individual liability on the part of Wilkie. Disregarding the corporate form is permissible only in rare situations, and Plaintiffs have asserted no facts to show that their claims present one of the "rare situations." *See United Elec. Workers*, 960 F.2d at 1091.

In the introduction to the Complaint, Plaintiffs jointly refer to Wilkie and RWB as "Wilkie." *See* Doc. 1, Introduction. A review of the whole Complaint makes it impossible to discern what, if any, claims are being levied against Wilkie the individual as opposed to RWB, the contractor. What is clear, however, is that the plan documents and communications attached to

Plaintiffs' Complaint identify RWB. The plans in Exhibit B are marked and identified, in part, as RWB work product. *See* Doc. 1 at Ex. B. Additionally, the attached communications are made and addressed to RWB. *Id.* at Exs. C, D, E and F.

Plaintiffs have not set forth any factual allegations which would give rise to Wilkie's liability in his individual capacity, and therefore the Complaint must be dismissed as to Wilkie individually pursuant to Fed. R. Civ. P. 12(b)(6).

### 3. Count II of the Complaint Must be Dismissed Pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) Because Plaintiffs Have Failed to Plead Fraud With Particularity.

To recover for fraudulent misrepresentation, a plaintiff must allege that the defendant (1) made a false representation of a material fact (2) with knowledge of its falsity (3) for the purpose of inducing the plaintiff to act thereon, (4) which the plaintiff justifiably relied upon as being true and (5) acted upon the representation to his damage. *Masingill v. EMC Corp.*, 449 Mass. 532, 540 (2007); *Slaney v. Westwood Auto, Inc.*, 335 Mass. 68, 70 (1975). In order to support an action for deceit, the plaintiff must allege and prove that defendant made an affirmative, unambiguous misstatement of a material fact. *Nota Const. Corp. v. Keyes Assoc., Inc.*, 45 Mass. App. Ct. 15, 16-17 (1998).

A claim for fraud must be based on statements of fact as opposed to statements of opinion, *estimate, expectation, belief or judgment* (emphasis added). *Powell v. Rasmussen*, 355 Mass. 117, 118 (1969); *Snyder v. Sperry & Hutchinson Co.*, 368 Mass. 433, 444, 333 N.E.2d 421 (1975) (holding that liability may not be found where the alleged misrepresentation concerned a matter of opinion, estimate or judgment); *Yerid v. Mason*, 341 Mass. 527, 530 (1960) (holding that statements of opinion, even if false, cannot sustain a claim for misrepresentation).

In accordance with Fed. R. Civ. P. 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The purpose of the heightened pleadings requirement is to place the other party on notice as to the specific claim being asserted

against it; to safeguard defendants from unwarranted damage to reputation by unsupported assertions of fraud in a public proceeding; and to safeguard defendants from suits in which largely meritless claims are asserted in order to obtain extensive discovery in an effort to increase the defendant's costs and the settlement value of a case. *See Feldman v. Aspen Tech., Inc.*, 2007 Mass. Super. LEXIS 118, at *25 (2007) (citing *Fitzer v. Sec. Dynamics Tech.*, 119 F. Supp. 2d 12, 17-18 (D. Mass. 2000).

With respect to Plaintiffs' Count II for fraudulent misrepresentation against Wilkie and RWB, as argued *supra*, Plaintiffs have utilized a shotgun pleading approach thus implicating Wilkie and RWB interchangeably. Count II of Plaintiffs' Complaint fails to meet the "particularity" requirement because as pled it is impossible to determine whether Plaintiffs claim that Wilkie issued the fraudulent misrepresentations in his individual capacity, or if he did so in his capacity as the owner of RWB.

Plaintiffs also failed to plead *when* Wilkie and/or RWB allegedly made these fraudulent misrepresentations. Furthermore, Plaintiffs' claim that Defendants violated M.G.L. c. 142A by not having the contractual agreement reduced to writing consistent with the statute requirements. *See* Doc. 1 at ¶ 12 and 57. In the absence of a written agreement setting forth covenants that the work would be completed within the "budget" of $175,000.00 and that the work would be completed by April of 2021 (*see* Doc. 1 at ¶ 43) (as well as the other alleged fraudulent misrepresentations therein), there are no facts pled in the Complaint which shows these fraudulent misrepresentations to be anything more than statements of estimate, expectation, belief or judgment. *See Powell*, 355 Mass. at 118.

Accordingly, Count II of Plaintiffs' Complaint must be dismissed pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) for failure to plead the requisite elements of fraud with particularity.

**CONCLUSION**

In conclusion, the Court must dismiss the Complaint because it lacks subject matter jurisdiction – specifically diversity jurisdiction – over this matter.  If the Complaint is not dismissed for that reason, Defendants request that Count II of the Complaint be dismissed for Plaintiffs' failure to plead fraud with particularity, and Counts I, II, III, IV, V and VI be dismissed as to Roger Wilkie, Jr. in his individual capacity.

                                                Defendants,
                                                ROGER WILKIE, JR., individually and as owner of
                                                ROGER WILKIE, JR., BUILDER, INC.
                                                By Their Attorneys,
                                                SAVAGE LAW PARTNERS, LLP


*/s/ David M. Campbell*
David M. Campbell, Esquire  (#645512)
Joseph Carnevale, Esquire (#687702)
564 South Water Street
Providence, RI  02903
Telephone:(401) 238-8500
dcampbell@savagelawpartners.com
jcarnevale@savagelawpartners.com

**CERTIFICATE OF SERVICE**

I hereby certify on this 5th day of July, 2022, that a true copy of the above document was served upon the attorney of record for each party registered therein through the ECF System electronically pursuant to R.Civ. P. 5(b)(2)(E) and Local Rule 5.4(c).


/s/ David M. Campbell