```
                    United States District Court
                      District of Massachusetts
```

|  |  |
|---|---|
| Magie Malaro and Anthony Malaro, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Roger Wilkie, Jr., and Roger )<br>Wilkie, Jr., Builder, Inc., )<br>)<br>Defendants. )<br>) | Civil Action No.<br>22-10548-NMG |

**MEMORANDUM & ORDER**

This case arises from claims brought by Magie and Anthony Malaro ("the Malaros" or "plaintiffs") against Roger Wilkie, Jr., ("Wilkie" or "defendant") owner of Roger Wilkie, Jr., Builder, Inc. ("RWB" or "defendant" and jointly, "defendants") related to renovation work performed at the Malaros' residence at 922 Drift Road, Westport, Massachusetts. The Malaros bring claims for breach of contract, fraudulent misrepresentation, conversion, violations of Massachusetts General Laws Chapters 142A and 93A and breach of the implied warranty of good workmanship. Pending before the Court is defendants' motion to dismiss.

**I. Background**

    **A.    Factual History**

The Malaros decided to renovate their Westport residence in about 2020. They discussed the renovation with several contractors including Wilkie. Wilkie expressed confidence that he could complete the project for $175,000, including materials and labor but excluding kitchen appliances, by April, 2021. The Malaros agreed to hire Wilkie but he never provided them with a written contract. The Malaros drafted a "scope of work" which they dated August 22, 2020, explaining the parameters of the project. According to that scope of work, Wilkie was hired to renovate the kitchen, hallway, dining room and the Malaros' respective offices.

Plaintiffs allege that Wilkie made little or no progress on the renovations, failed to visit the premises consistently, employed a laborer who performed deficient work and was largely uncommunicative. Wilkie was often unresponsive when the Malaros contacted him with requests for billing documentation.

In April, 2021, when the project was supposed to have been completed, none of the rooms was fully renovated. The Malaros contacted Wilkie for updates in April and June, 2021, but received no communication from Wilkie until August 30, 2021, when he sent them his first bill, one year after the project

began. In response, the Malaros wrote a letter to Wilkie, expressing their concerns over the high labor costs, considering that nothing had been completed. They also included an extensive list of out-of-pocket costs they had incurred while attempting to move the project along.

The Malaros sent Wilkie a second letter in February, 2022, almost one year after the renovation should have been completed. They enclosed six checks in payment of several invoices received the prior month. The Malaros stated that the checks constituted their final payment and terminated their relationship with Wilkie. The project was far from finished and the Malaros had paid approximately $269,000, almost $100,000 more than Wilkie's estimate.

**B.   Procedural History**

In April, 2022, the Malaros filed a complaint in this Court, based on diversity jurisdiction, against Wilkie individually and as owner of RWB. The complaint sets forth six counts: (1) breach of contract, (2) fraudulent misrepresentation, (3) conversion, (4) violation of M.G.L. c. 142A, (5) violation of M.G.L. c. 93A and (6) breach of the implied warranty of good workmanship. In July, 2022, defendants filed the pending motion to dismiss.

## II. Motion to Dismiss

### A. Legal Standard

#### 1. Fed. R. Civ. P. 12(b)(1)

Federal jurisdiction predicated on diversity of citizenship requires that the case arise between "citizens of different states" and have an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a)(1). Citizenship is determined by a person's domicile which is itself established by showing that the individual is physically present in the state and has an intent to remain indefinitely. Garcia Perez v. Santaella, 364 F.3d 348, 350 (1st Cir. 2004).

#### 2. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the subject pleading must state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the "court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).  A court also may not disregard properly pled factual allegations even if "actual proof of those facts is improbable." Ocasio-Hernandez, 640 F.3d at 12 (quoting Twombly, 550 U.S. at 556).  Rather, the necessary "inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw." Id. at 13.  The assessment is holistic:

> the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.

Hernandez-Cuevas v. Taylor, 723 F.3d 91, 103 (1st Cir. 2013) (quoting Ocasio-Hernandez, 640 F.3d at 14).

**B.   Application**

    **1.   Subject Matter Jurisdiction**

Defendants attempt to persuade the Court that they, like the Malaros, are domiciled in Massachusetts, and thus this Court lacks subject matter jurisdiction to resolve this dispute for want of diversity.  That argument is demonstrably without merit.

Both Wilkie and RWB are physically present in Rhode Island. See Garcia Perez, 364 F.3d at 350.  Wilkie states in his

declaration that he is a resident of Little Compton, Rhode Island. RWB is a Rhode Island corporation with its principal place of business in Tiverton, Rhode Island. Wilkie's intent to remain in Rhode Island is evinced by the fact that he is registered to vote in that state, his Massachusetts tax bill is sent to his Rhode Island domicile and he maintains a membership at the Sakonnet Point Club in Rhode Island.

Thus, because both defendants are citizens of Rhode Island, while plaintiffs are citizens of Massachusetts and the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction over the pending claims. See 28 U.S.C. § 1332(a)(1).

### 2. Individual Liability Claims

Defendants contend that all claims against Wilkie in his individual capacity should be dismissed because plaintiffs fail to set forth any factual allegations that would give rise to individual liability.

In Massachusetts, "the corporate veil will only be pierced in rare situations." Zimmerman v. Puccio, 613 F.3d 60, 74 (1st Cir. 2010) (quoting Birbara v. Locke, 99 F.3d 1233, 1239 (1st Cir. 1996)). Two circumstances justify piercing the corporate veil. The first is when the subject party exercises

>   pervasive control [of] the activities of [the
>   corporation] and there is some fraudulent or injurious
>   consequence of the intercorporate relationship . . . .

My Bread Baking Co. v. Cumberland Farms, Inc., 233 N.E.2d 748, 752 (Mass. 1968).  A court may also disregard corporate formalities

>   when there is a confused intermingling of activity of
>   two or more corporations engaged in a common
>   enterprise with substantial disregard of the separate
>   nature of the corporate entities, or serious ambiguity
>   about the manner and capacity in which the various
>   corporations and their respective representatives are
>   acting.

Id.

Massachusetts courts consider 12 factors to guide their veil-piercing analysis, including:

>   (1) common ownership; (2) pervasive control; (3)
>   confused intermingling of business assets; (4) thin
>   capitalization; (5) nonobservance of corporate
>   formalities; (6) absence of corporate records; (7) no
>   payment of dividends; (8) insolvency at the time of
>   the litigated transaction; (9) siphoning away of
>   corporation's funds by dominant shareholder; (10)
>   nonfunctioning of officers and directors; (11) use of
>   the corporation for transactions of the dominant
>   shareholders; and (12) use of the corporation in
>   promoting fraud.

Att'y Gen. v. M.C.K., Inc., 736 N.E.2d 373, 380 n.19 (Mass. 2000) (citing Pepsi-Cola Metro. Bottling Co. v. Checkers, Inc., 754 F.2d 10, 14-16 (1st Cir. 1985)).

When seeking to pierce the corporate veil, plaintiffs have the "burden of overcoming the presumption of separateness by clear evidence." See Lokosky v. Acclarent, Inc., 270 F. Supp. 3d 526, 531 (D. Mass. 2017) (quoting Carballo-Rodriguez v. Clark Equipment Co., 147 F. Supp. 2d 63, 65 (D.P.R. 2001)).

Defendants argue that plaintiffs' allegations in the complaint are asserted indiscriminately against both Wilkie and RWB and do not give rise to individual liability. Moreover, they submit that the work plans are identified as RWB work product and the communications are addressed to RWB. Plaintiffs respond that such an argument is indicative of the pervasive control that Wilkie maintains over RWB.

Although Wilkie is the president and sole officer of RWB, that fact alone does not constitute "pervasive control" in support of piercing the corporate veil or cause RWB to lose its advantage of limited liability. Without other allegations of corporate improprieties, plaintiffs have failed to plead sufficient facts to maintain their claim of individual liability. Plaintiffs' claims against Wilkie in his individual capacity will be dismissed without prejudice.

### 3. Fraudulent Misrepresentation Claim

To prevail on a claim of fraudulent misrepresentation, plaintiffs must establish

> that the defendant made a false representation of a
> material fact with knowledge of its falsity for the
> purpose of inducing the plaintiff to act thereon, and
> that the plaintiff reasonably relied upon the
> representation as true and acted upon it to his
> damage.

Russell v. Cooley Dickinson Hosp., Inc., 772 N.E.2d 1054, 1066 (Mass. 2002) (quotations and citations omitted). Although "actual intent to deceive on the part of the defendants need not be shown," the statement may not be "merely a matter of opinion, estimate, or judgment." Id. Furthermore, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b).

Defendants submit that plaintiffs fail to satisfy the particularity requirement of Fed. R. Civ. P. 9(b). They contend that the complaint does not indicate when the alleged fraudulent misrepresentations were made, nor address whether Wilkie made such misrepresentations in his individual capacity or on behalf of RWB. Moreover, defendants contend that in the absence of a written agreement, the alleged fraudulent misrepresentations may be merely "matter[s] of opinion, estimate, or judgment." See Russell, 772 N.E.2d at 1066.

The Malaros aptly note the irony of such an argument because Massachusetts General Law Chapter 142A requires that agreements to perform residential contracting services valued at

- 9 -

more than $1,000 be in writing. M.G.L. c. 142A § 2(a). Plaintiffs allege that defendants violated Chapter 142A in Count IV of their complaint.  In their opposition, the Malaros submit that defendants should not be able to escape liability for their fraudulent misrepresentations because they failed to comply with Chapter 142A.  The Court recognizes that conundrum, but without a written agreement or allegations of particular circumstances constituting fraud, the Court finds that plaintiffs have not pled facts sufficient to meet the particularity requirement of Fed. R. Civ. P. 9(b).

Accordingly, plaintiffs' claim of fraudulent misrepresentation (Count II) will be dismissed without prejudice.  If the facts warrant, plaintiffs may amend their complaint to satisfy the heightened pleading standard for fraudulent misrepresentation under Fed. R. Civ. P. 9(b) and of course, they retain their claims for breach of contract, conversion, violation of Massachusetts General Laws Chapter 142A and breach of the implied warranty of good workmanship.

**ORDER**

For the foregoing reasons, defendant's motion to dismiss (Docket No. 7) is **ALLOWED**.  Plaintiffs' claims against Roger Wilkie, Jr. in his individual capacity (Counts I-VI) and Count II against the corporate defendant, Roger Wilkie, Jr., Builder, Inc., are **DISMISSED** without prejudice.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 10, 2022