**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| ──────────────────────────── ) | |
| Magie Malaro and Anthony Malaro,   ) | |
| ) | |
| Plaintiffs,   ) | |
| ) | |
| v.   ) | Civil Action No. |
| ) | 22-10548-NMG |
| Roger Wilkie, Jr., Builder, Inc.,   ) | |
| ) | |
| Defendant.   ) | |
| ──────────────────────────── ) | |

**MEMORANDUM & ORDER**

GORTON, J.

Plaintiffs Magie and Anthony Malaro ("the Malaros" or "plaintiffs") bring this action for alleged defective renovation work performed at their residence at 922 Drift Road, Westport, Massachusetts by defendant Roger Wilkie, Jr., Builder, Inc. ("RWB" or "defendant"). The Malaros claim breach of contract, conversion, violations of Massachusetts General Laws Chapters 93A and 142A and breach of the implied warranty of good workmanship. Pending before the Court is plaintiffs' motion to dismiss two of defendant's three counterclaims.

I.   **Background**

A.   **Factual History**

The facts of this case have been described in the earlier Memorandum and Order addressing defendant's motion to dismiss

and thus the Court will summarize here only the salient facts
relevant to plaintiff's motion.  The Malaros decided to renovate
their Westport residence in about 2020.  According to the
complaint, they hired RWB but never executed a written contract
pursuant to M.G.L. Chapter 142A.  Rather, the Malaros drafted a
"scope of work" dated August 22, 2020, explaining the parameters
of the project which was supposed to be completed by April,
2021.

Plaintiffs allege a litany of problems with the renovation.
They claim that RWB was uncommunicative, made insufficient
progress on the renovations and those that were performed were
defective.  By February, 2022, the renovation remained
incomplete and the costs incurred exceeded the estimated budget.
At the time the Malaros terminated their relationship with RWB,
they had paid him approximately $269,000 for an unfinished
renovation that had been estimated to cost $175,000.

**B.   Procedural History**

In April, 2022, the Malaros filed a six-count complaint in
this Court, based upon diversity jurisdiction, against Roger
Wilkie, Jr. ("Wilkie") individually and as owner of RWB.  The
complaint alleges: 1) breach of contract, 2) fraudulent
misrepresentation, 3) conversion, 4) violation of M.G.L. c.

142A, 5) violation of M.G.L. c. 93A and 6) breach of the implied warranty of good workmanship.

Defendants moved to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim as to Wilkie's individual liability and the fraudulent misrepresentation claim.  In November, 2022, this Court dismissed the claims against Wilkie in his individual capacity as well as the fraudulent misrepresentation claim.

RWB then promptly answered the complaint and filed three counterclaims for: 1) breach of contract, 2) unjust enrichment and 3) violation of M.G.L. c. 93A § 9.  In the pending motion, plaintiffs move to dismiss the claims for unjust enrichment and violation of M.G.L. c. 93A § 9.

## II.  **Motion to Dismiss**

### A.  **Legal Standard**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the subject pleading must state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the "court [can] draw the reasonable inference that the defendant is liable for the

misconduct alleged." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011). A court also may not disregard properly pled factual allegations even if "actual proof of those facts is improbable." Ocasio-Hernandez, 640 F.3d at 12 (quoting Twombly, 550 U.S. at 556). Rather, the necessary "inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw." Id. at 13. The assessment is holistic:

> the complaint should be read as a whole, not parsed
> piece by piece to determine whether each allegation,
> in isolation, is plausible.

Hernandez-Cuevas v. Taylor, 723 F.3d 91, 103 (1st Cir. 2013) (quoting Ocasio-Hernandez, 640 F.3d at 14).

**B. Analysis**

As an initial matter, defendant acknowledges at the outset of its opposition brief that it would have voluntarily dismissed Count III of its counterclaim had a Local Rule 7.1 conference been held. Because RWB conceded that point, Count III of the counterclaim will be dismissed.

- 4 -

The parties' dispute relates primarily to defendant's unjust enrichment counterclaim.  The Malaros move to dismiss this counterclaim, arguing that it is precluded by RWB's breach of contract counterclaim in Count I.  In response, RWB explains that because the parties disagree as to the existence of an enforceable contract, it should be permitted to pursue, for the time being, its counterclaims for breach of contract and, in the alternative, unjust enrichment.

Under Massachusetts law, a plaintiff may recover for unjust enrichment upon a showing that 1) plaintiff conferred a benefit upon the defendant, 2) the defendant accepted that benefit and 3) the defendant's retention of the benefit would be inequitable without payment for its value. Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 552 F.3d 47, 57 (1st Cir. 2009).

A plaintiff with an adequate remedy at law cannot recover for unjust enrichment. Tomasella v. Nestlé USA, Inc., 962 F.3d 60, 82 (1st Cir. 2020) (quoting Shaulis v. Nordstrom, Inc., 865 F.3d 1, 16 (1st Cir. 2017)).  Litigants are therefore not permitted "to override an express contract by arguing unjust enrichment." Shaulis, 865 F.3d at 16 (quoting Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 130 (1st Cir. 2006)). Importantly, the "availability of a remedy at law, not the

viability of that remedy" prohibits a claim of unjust

enrichment. Id.

    Here, however, both parties vehemently dispute the

existence of an enforceable contract and have changed their

position on the issue multiple times in their various pleadings

before this Court and the Bristol County Superior Court in Rhode

Island.  Plaintiffs state in their complaint

    Wilkie never provided the Malaros with a written
    contract pursuant to Chapter 142A.

They base their motion to dismiss, however, on defendant's

allegation that a "valid and binding written agreement existed."

    With respect to pleading breach of contract and unjust

enrichment in the alternative, the First Circuit Court of

Appeals has held that

    it is accepted practice to pursue both theories at the
    pleading stage.

Lass v. Bank of Am., N.A., 695 F.3d 129, 140 (1st Cir. 2012)

(citing Vieira v. First Am. Title Ins. Co., 668 F. Supp. 2d 282,

294-95 (D. Mass. 2009) (stating that Federal Rule of Civil

Procedure 8(d) "permits Plaintiffs to plead alternative and even

inconsistent legal theories, such as breach of contract and

unjust enrichment, even if Plaintiffs only can recover under one

of these theories")).

Because there is no consensus as to whether a contract between the parties even exists at this juncture and thus whether a claim of breach of contract is available, it is premature to dismiss defendant's unjust enrichment counterclaim. See Tomasella, 962 F.3d at 84 (reinstating both plaintiff's breach of contract and unjust enrichment claims for further factual development because ambiguity in the contract "casts doubt on whether a breach of contract claim was indeed available as a legal remedy").

RWB will eventually need to choose which theory of counterclaim to pursue but there is "no need to do so at this early stage in the litigation." Tactician Corp. v. Subway Int'l, Inc., No. CV 21-10973-JGD, 2021 WL 5640695, at *9 (D. Mass. Dec. 1, 2021) (citing Aware, Inc. v. Centillium Commc'ns, Inc., 604 F. Supp. 2d 306, 312 (D. Mass. 2009) (finding "no reason to require plaintiff to choose a theory of recovery" at the pleading stage and noting that "courts have been flexible regarding when they require this choice to be made")).

Accordingly, RWB may counterclaim for both breach of contract and unjust enrichment in the alternative. See Lass, 695 F.3d at 140.

**ORDER**

For the foregoing reasons, plaintiffs' motion to dismiss (Docket No. 13) is **ALLOWED**, in part, and **DENIED**, in part.  Count II of defendant's counterclaim remains viable but Count III is **DISMISSED**.


**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge


Dated May 19, 2023