UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MAGIE MALARO and ANTHONY MALARO,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>ROGER WILKIE, JR., BUILDER, INC.,<br><br>Defendant/Counterclaim Plaintiff. | Civil Action No. 22-10548-NMG |

ORDER ON PLAINTIFFS' MOTION TO COMPEL DISCOVERY
[Docket No. 35]

August 16, 2024

Boal, M.J.

Plaintiffs Magie Malaro and Anthony Malaro ("the Malaros") move to compel discovery from defendant Roger Wilkie, Jr., Builder, Inc. ("RWB") and for sanctions. Docket No. 35. For the following reasons, this Court grants in part and denies in part the motion.[1]

I.   FACTUAL AND PROCEDURAL BACKGROUND

The Malaros allege that in or around 2020, they decided to renovate their Westport, Massachusetts home. Docket No. 1 at 2. They hired RWB, which never provided the Malaros with a written contract pursuant to M.G.L. c. 142A. Id. Rather, the Malaros drafted a "scope of work" document containing the parameters of the project and Roger Wilkie, Jr. ("Wilkie") provided a completion date of April 2021. Id.

The Malaros allege that they encountered numerous problems with the renovation. Id. at

---

[1] Judge Gorton referred the motion to the undersigned on July 12, 2024. Docket No. 36.

1

2-4. They claim that RWB was uncommunicative and made insufficient progress on the renovations. Id. The work that was performed was defective. Id. The renovation was still incomplete in February 2022, and the costs incurred exceeded the estimated budget by $77,058.69. Id. at 4.

On April 13, 2022, the Malaros filed suit against Wilkie individually and as owner of RWB. Docket No. 1. The complaint alleges: (1) breach of contract; (2) fraudulent misrepresentation; (3) conversion; (4) violation of M.G.L. c. 142A; (5) violation of M.G.L. c. 93A § 9(3); and (6) breach of the implied warranty of good workmanship. Id. On November 10, 2022, Judge Gorton dismissed the claims against Wilkie in his individual capacity, as well as the fraudulent misrepresentation claim against RWB. Docket No. 11.

RWB thereafter answered the complaint and filed three counterclaims: (1) breach of contract; (2) unjust enrichment; and (3) violation of M.G.L. c. 93A § 9. Docket No. 12. On May 19, 2023, Judge Gorton dismissed the 93A counterclaim. Docket No. 16.

On July 11, 2024, the Malaros filed a motion to compel. Docket No. 35. RWB filed an opposition on July 24, 2024. Docket No. 38. This Court heard oral argument on August 7, 2024.

II.     ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Whether discovery is proportional to the needs of the case depends on, among other things, "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the expense of the proposed discovery outweighs its likely benefit." Id.

If a party fails to respond to requests for production of documents or interrogatories, the

2

party seeking discovery may move to compel production of the requested information. See Fed. R. Civ. P. 37(a)(3). "[T]he party seeking an order compelling discovery responses over the opponent's objection bears the initial burden of showing that the discovery requested is relevant." Torres v. Johnson & Johnson, No. 3:18-10566-MGM, 2018 WL 4054904, at *2 (D. Mass. Aug. 24, 2018) (citation omitted). "Once a showing of relevance has been made, the objecting party bears the burden of showing that a discovery request is improper." Id. (citation omitted).

    A.    Document Requests

The Malaros have moved to compel RWB to produce documents in response to the following requests: 2, 3, 5, 7, 8, 9, 10, 11, 12, 13, 20, 26, 28, 29, 30, 31, 33, 36, 42, 44, 46, 48, 49, 50, 52, and 53.

RWB's responses are deficient in a number of ways. First, RWB's responses impermissibly rely on outdated language.  For example, a repeated objection is that the discovery request is "not reasonably calculated to lead to the discovery of admissible evidence."  That language was removed from Rule 26 of the Federal Rules of Civil Procedure on December 1, 2015.  As Judge Peck wrote on February 28, 2017, "[i]t is time for all counsel to learn the now-current Rules and update their 'form' files." Fischer v. Forrest, 14 Civ. 1304 (PAE) (AJP), 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017).  That guidance is even more true almost nine years after the Rule was changed.  The current Rule requires evidence that is "relevant to any party's claim or defense." Fed.R.Civ.Pro. 26.  RWB's failure to acknowledge the proper standard casts doubt on whether its counsel understands its discovery obligations.

Second, RWB makes non-specific boilerplate objections throughout its responses. Again, on December 1, 2015, Rules 26 and 34 of the Federal Rules of Civil Procedure were amended to

3

require discovery responses to "[s]tate grounds for objections with specificity," and "state whether any responsive materials are being withheld on the basis of that objection." Id. at *1. The 2015 Advisory Committee Notes to Rule 34 emphasize the reasons for the amendments:

> Rule 34(b)(2)(B) is amended to require that objections to Rule 34 requests be stated with specificity. This provision adopts the language of Rule 33(b)(4), eliminating any doubt that less specific objections might be suitable under Rule 34. The specificity of the objection ties to the new provision in Rule 34(b)(2)(C) directing that an objection must state whether any responsive materials are being withheld on the basis of that objection. An objection may state that a request is overbroad, but if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad. Examples would be a statement that the responding party will limit the search to documents or electronically stored information created within a given period of time prior to the events in suit, or to specified sources. When there is such an objection, the statement of what has been withheld can properly identify as matters "withheld" anything beyond the scope of the search specified in the objection.
>
> Rule 34(b)(2)(B) is further amended to reflect the common practice of producing copies of documents or electronically stored information rather than simply permitting inspection. The response to the request must state that copies will be produced. The production must be completed either by the time for inspection specified in the request or by another reasonable time specifically identified in the response. When it is necessary to make the production in stages the response should specify the beginning and end dates of the production.

2015 Adv. Comm. Notes to Rule 34[2]. Despite the clarity of the no-longer-new 2015 Amendments, RWB has provided non-compliant Rule 34 responses. For example, it repeatedly asserts that the discovery requests are "overly broad" and "unduly burdensome" without specification. Why is a request burdensome? How is it overly broad? RWB's responses tell the

---

[2] An Advisory Committee Note provides "a reliable source of insight into the meaning of a rule." United States v. Vonn, 535 U.S. 55, 64 n.6 (2002); see also Tome v. United States, 513 U.S. 150, 167 (Scalia, J. concurring) (recognizing the Advisory Committee's Notes are "*the* most persuasive authority on the meaning of the Federal Rules of Civil Procedure as "they display the 'purpose' or 'intent' of the draftsmen but they do not change the meaning of the Rules)(emphasis in original).

4

requesting party, and ultimately the Court, nothing.

Third, RWB has also failed to identify what documents, if any, it is withholding on the basis of each objection. In 2015, Rule 30 was amended to require such identification. As the Advisory Committee Note explains:

> Rule 34(b)(2)(C) is amended to provide that an objection to a Rule 34 request must state whether anything is being withheld on the basis of the objection. This amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections. The producing party does not need to provide a detailed description or log of all documents withheld, but does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection. An objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been "withheld."

2015 Adv. Comm. Notes to Rule 34. RWB has failed to provide any such identification.

Fourth, RWB regularly objected on the basis that the Malaros already have certain documents. See e.g., Docket No. 35-2 at 45, 46, 47, 49. That another party already has the requested documents does not justify a failure to produce. Swenson v. Mobilityless, LLC, No. CV 3:19-30168-MGM, 2022 WL 2347113, at *3 (D. Mass. June 29, 2022) ("[T]hat Plaintiffs may have obtained relevant documents from other sources does not excuse Defendants' discovery obligations.").

Fifth, despite the responses stating that RWB would "produce any responsive, non-privileged documents in its possession, custody, or control after conducting a reasonable search," it did not do so. At the August 7, 2024, hearing, counsel for the Malaros stated that RWB had provided a supplemental response, however, the response merely stated that RWB had produced all of the documents it had. At the same hearing, RWB's counsel acknowledged that RWB could produce certain of the documents at issue. In other words, prior to the hearing and in its written

5

responses, RWB represented that it either had no documents or had produced all documents Yet, at the hearing, it became apparent that RWB had responsive documents that it had not yet produced.

At oral argument, counsel argued that it would be burdensome to answer the Malaros' discovery requests and they could simply seek answers at a deposition of RWB. Yet, written discovery tools are effective in shaping and narrowing deposition questions. It is not for opposing counsel to unilaterally decide the best method for its opponent to obtain discovery. See Drouin v. Symetra Life Ins., Co., 242 F.R.D. 167, 169 (D. Mass. 2007).

Also, at the hearing, counsel for RWB was unable to provide any clarity regarding the measures used to search for responsive information. For example, counsel could not provide specifics about the number of employees at RWB, whether their phones were searched for text messages, or the name of RWB's IT person. He could not provide any specifics about the cloudshare program used for the project or why his client could no longer access the materials associated with the project. The nature of counsel's involvement in the search process was also unclear. Counsel repeatedly said he relied on his client and that his client was not a "tech savvy" person. This failure raises a number of serious concerns about the integrity and comprehensiveness of the search.

Accordingly, RWB[3] must conduct a new search for material for the subject discovery requests that is overseen by counsel that includes a search of electronic equipment including the phones of relevant personnel. It also must inquire into RWB's access to Buildshare, the software

---

[3] RWB argued that is a small company and logically looking to keep litigation costs down. However, while this Court is sensitive to the costs of litigation, because RWB is small, the searches will be circumscribed by its size. The size of the company is also not a license to disregard discovery obligations. RWB could have spent less money by properly responding to the discovery responses in the first place.

program used for the project. It must then provide new responses to the subject discovery requests in an appropriate format that is consistent with the requirements of the Federal Rules of Civil Procedure.

    B.    Interrogatories

        1.    Interrogatories 1, 2, 8, And 9

The Malaros seek supplemental responses to interrogatories 1, 2, 8, and 9 because RWB failed to provide fulsome responses to requests that it identify certain persons. Docket No. 35-1 at 8.

Local Rule 26.5(c)(3) requires a party to include the following information when asked to "identify" a person: the person's full name, present or last known address, and, for a natural person, the present or last known place of employment. RWB's responses to interrogatories 1, 2, 8, and 9 do not, on their faces, contain all of this information.

RWB argues that, pursuant to Rule 33(d) of the Federal Rules of Civil procedure, it has responded adequately to the Malaros' interrogatories because its document production contains the sought after information. Docket No. 38 at 5. "[R]eliance on Rule 33(d) is appropriate when the interrogatory requests objective facts that are obvious from the specified documents . . . ." JH Brown Enter. v. Am. Guar. And Liab. Ins. Co., No. 8:21-cv-2020-TPB-SPF, 2022 WL 19919878, at *5 (M.D. Fla. Mar. 30, 2022). To rely on Rule 33(d), a party must satisfy four criteria:

> (1) it must affirm that the information sought by the requesting party is in fact in the specified records; (2) it must specify the actual documents where information will be found; (3) it must show that answering the interrogatory in the conventional manner would impose a burden on it; and (4) it must show that the burden of deriving the answer from the specified records will be substantially the same for both parties.

AMAG Pharms., Inc. v. Am. Guarantee & Liab. Ins. Co., No. 21-CV-10618-LTS, 2022 WL

7

16950437, at *6 (D. Mass. Nov. 15, 2022) (citation omitted).

RWB has done none of the above with respect to interrogatories 1, 2, 8, and 9. See Docket No. 35-2 at 25-27, 30, 31. Indeed, when citing to its document production, it simply states "[s]ee RWB Response to Document Request." Id. at 30, 31. RWB's counsel routinely notes that it has produced more than 1,000 pages of documents. See Docket No. 38 at 2, 4. Instructing the Malaros to sift through hundreds of pages of RWB's production is insufficient.[4] See Mulero-Abreu v. Puerto Rico Police Dep't, 675 F.3d 88, 93 (1st Cir. 2012) ("[A]nswering interrogatories simply by directing the proponent to rummage through other discovery materials falls short of the obligations imposed by Rule 33."). Indeed, it is pointless gamesmanship.

RWB's responses to interrogatories 1, 2, 8, and 9 are inadequate. Accordingly, RWB must either provide specific page citations to its document production, as well as adhere to the other requirements of Rule 33(d), or it must provide complete answers to the interrogatories pursuant to Local Rule 26.5(c)(3).

2. Interrogatories 5 And 6

Interrogatory 5 seeks information about any individuals with whom RWB entered into a written contract (i.e. subcontractors) to perform work on the project at issue in this case. See Docket No. 35-2 at 28-29. RWB's response, after propounding boilerplate objections, states "See RWB Response to Document Request and Answer to Interrogatory #10 and Interrogatory #16." Id. at 29. RWB's answers to interrogatories 10 and 16 do not include any information about contracts with subcontractors, despite the fact that RWB's answers to interrogatories 2, 6, 8, and 9 indicate that subcontractors were used. In addition, this response impermissibly points the

---

[4] RWB argues that the Malaros could have relied on an index that RWB provided with its production. Docket No. 38 at 5, 6; Docket No. 38-2. However, that index does not contain page references and its headings do not match all of the Malaros' requests.

Malaros to RWB's full document production.

Interrogatory 6 seeks communications between RWB and any person or entity that RWB hired to work on the project at issue. Docket No. 35-2 at 29. RWB's response again impermissibly relies on a citation to its entire document production, as well as interrogatory 10. See id. RWB's response to interrogatory 10 contains no information about communications between RWB and anyone else who worked on the project.

Accordingly, RWB must either provide specific page citations to its document production, as well as adhere to the other requirements of Rule 33(d), or it must otherwise provide complete answers to these interrogatories.

### 3. Interrogatories 7, 11, 14, And 15

The Malaros seek supplemental responses to interrogatories 7, 11, 14, and 15. Docket No. 35-1 at 8-10. RWB's responses only state "See RWB Response to Document Request." Docket No. 35-2 at 30, 31, 33. As explained above, these responses are deficient. Accordingly, RWB must either provide specific page citations to its document production, as well as adhere to the other requirements of Rule 33(d), or it must otherwise provide complete answers to these interrogatories.

### 4. Interrogatories 16 And 17

The Malaros seek supplemental responses to interrogatories 16 and 17. Docket No. 35-1 at 8-11. Interrogatory 16 asks "[p]lease describe your involvement concerning the Project at the Premises as a contractor." Docket No. 35-2 at 33. After asserting boilerplate objections, RWB responded:

> RWB was employed by Plaintiff on the Project to perform as general contractor on renovation work generally described by Plaintiff in a 3-page, unsigned document entitled "SCOPE OF WORK PHASE ONE FOR ROGER" dated August 22, 2020. The work was to be performed by RWB

9

> on a Time & Materials basis wherein RWB would charge the cost of labor and materials with a Contractor's Mark-up of 10% added. RWB sent an e-mail on September 30, 2020 to Plaintiff with a "billing sample" showing an invoice example. Plaintiff agreed to this arrangement and RWB started the scope of work. I was on the Project site on a daily basis and managed the work. I was not on site every day, all day. See also Answer to Interrogatory #10.

Id.

The Malaros argue that RWB failed to describe (1) the work it performed at the Malaros' residence; (2) whether the work was completed in a timely manner; and (3) whether all of the work required to be completed under the scope-of-work document was completed by RWB. Docket No. 35-2 at 88; see also Docket No. 35-1 at 5-6. The interrogatory does not request that information. Rather, it asks to "describe your involvement." RWB has done so. Accordingly, RWB need not supplement this interrogatory.

Interrogatory 17 asks "[p]lease describe your involvement concerning the installation of any building materials at the Premises." Id. at 34. RWB responded "See RWB Answer to Interrogatory #16." Id. RWB's response to interrogatory 16 contains nothing about installation. This response is deficient. Accordingly, RWB must supplement its response to interrogatory 17.

III.   ORDER

For the foregoing reasons, this Court grants the motion to compel. RWB must conduct a renewed search with respect to the subject discovery requests and provide supplemental responses within three weeks of the date of this order. This Court declines to award fees or costs at this time.  However, should the Malaros seek further assistance from the Court, and such request is referred to the undersigned, I will consider the Defendant's conduct that was the

subject of the instant motion in any further request for sanctions.

        /s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE