UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MAGIE MALARO and ANTHONY MALARO,

Plaintiffs/Counterclaim Defendants,

v.

ROGER WILKIE, JR., BUILDER, INC.,

Defendant/Counterclaim Plaintiff.

Civil Action No. 22-10548-NMG

ORDER ON DEFENDANT'S MOTION TO STRIKE EXPERT DISCLOSURE
[Docket No. 46]

January 10, 2025

Boal, M.J.

Defendant Roger Wilkie, Jr., Builder, Inc. ("RWB") moves to strike Plaintiffs Magie and Anthony Malaro's expert disclosure. Docket No. 46. For the following reasons, this Court denies the motion.[1]

I. FACTUAL AND PROCEDURAL BACKGROUND

**The Malaros allege that in or around 2020, they decided to renovate their Westport, Massachusetts home. Docket No. 1 at 2. They hired RWB, which never provided the Malaros with a written contract pursuant to M.G.L. c. 142A. Id. Rather, the Malaros drafted a "scope of work" document containing the parameters of the project and Roger Wilkie, Jr. ("Wilkie") provided a completion date of April 2021. Id.**

[1] Judge Gorton referred the motion to the undersigned on October 22, 2024. Docket No. 47.

**The Malaros allege that they encountered numerous problems with the renovation. Id. at 2-4. They claim that RWB was uncommunicative and made insufficient progress on the renovations. Id. The work that was performed was defective. Id. The renovation was still incomplete in February 2022, and the costs incurred exceeded the estimated budget by $77,058.69. Id. at 4.**

**On April 13, 2022, the Malaros filed suit against Wilkie individually and as owner of RWB. Docket No. 1. The complaint alleges: (1) breach of contract; (2) fraudulent misrepresentation; (3) conversion; (4) violation of M.G.L. c. 142A; (5) violation of M.G.L. c. 93A § 9(3); and (6) breach of the implied warranty of good workmanship. Id. On November 10, 2022, Judge Gorton dismissed the claims against Wilkie in his individual capacity, as well as the fraudulent misrepresentation claim against RWB. Docket No. 11.**

**RWB thereafter answered the complaint and filed three counterclaims: (1) breach of contract; (2) unjust enrichment; and (3) violation of M.G.L. c. 93A § 9. Docket No. 12. On May 19, 2023, Judge Gorton dismissed the 93A counterclaim. Docket No. 16.**

On July 11, 2024, the Malaros filed a motion to compel discovery from RWB. In an August 16, 2024, order, this Court found a number of deficiencies with respect to RWB's discovery responses. The methods used by RWB and its counsel to search for responsive materials were so unclear that this Court found the search "raised a number of serious concerns about the integrity and comprehensiveness of the search." Docket No. 40 at 6. Accordingly, in response to the motion to compel with respect to twenty-six requests for documents, this Court ordered as follows:

> RWB must conduct a new search for material for the subject discovery requests that is overseen by counsel that includes a search of electronic equipment including the phones of relevant personnel. It also must inquire

> into RWB's access to Buildshare[2], the software program used for the project. It must then provide new responses to the subject discovery requests in an appropriate format that is consistent with the requirements of the Federal Rules of Civil Procedure.

Docket No. 40 at 6-7. With respect to the motion to compel responses to twelve interrogatories, this Court ordered RWB to supplement some of its answers. This Court further ordered RWB to provide the information by September 6, 2024.

On September 11, 2024, after the deadline for compliance, RWB file a motion to extend the discovery deadlines. Docket No. 42. In that motion, RWB represented that it had provided supplemental answers to the subject interrogatories and delivered 705 pages from BuilderTrend to the Malaros by September 6, 2024. RWB further represented that it had not completed its search of electronic equipment of RWB or its personnel. Id. at 2.

On October 15, 2024, the Malaros served an expert disclosure for Frank J. Mullaney whom they intend to call as an expert witness at trial. Docket No. 44. The disclosure states that the Malaros' expert was unable to generate a full report because they had not yet received any additional documents from RWB concerning a third-party software called BuilderTrend that allowed the parties to communicate and share project documents. Id. In particular, Mr. Mullaney stated that "this BuilderTrend information, and the other relevant documents ordered by the Court to be supplied by Defendant to the Plaintiffs, will be critical in establishing a timeline of events that [he] will use to render his full expert opinion." Id. at 2.

On October 21, 2024, RWB filed a motion to strike this expert disclosure asserting that it was not compliant with the relevant requirements. Docket No. 46. The Malaros filed an opposition on November 4, 2024. Docket No. 53. This Court heard oral argument on November

[2] It appears based on the parties' recent pleadings that the correct name for the software program used for the project is "BuilderTrend."

25, 2024.

II. ANALYSIS

Rule 26(a)(2) of the Federal Rules of Civil Procedure provides the requirements for expert disclosures:

> [T]his disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

Fed. R. Civ. P. 26(a)(2)(B). The report is required to contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Id. RWB has moved to strike the Malaros' expert disclosure because it does not comply with Rule 26 of the Federal Rules of Civil Procedure. Docket No. 46 at 1.

In their opposition, the Malaros confirmed that RWB's inadequate document production hindered their ability to produce a complete expert report. Docket No. 53 at 3-4. In support, the Malaros provided evidence that RWB did not comply with this Court's August 16, 2024, order and produce all of the required materials by September 6, 2024. They attached an October 15, 2024, email, in which RWB's counsel acknowledged that it had not searched the device of an employee named Tom Zuba. Docket No. 53-8. In that email, counsel makes no mention as to whether he had searched any of RWB's computers or the devices of RWB's owner, Roger Wilkie, Jr., who had direct communication with the Malaros. At oral argument, RWB's counsel confirmed that he had not searched any of the company's computers or other pertinent devices,

including those of Mr. Zuba. RWB's counsel stated, without providing a basis, that the information on Mr. Zuba's devices was preserved for only two years. Because this case involved a construction project started in or around August 2020, and was filed on April 13, 2022, this Court inquired about counsel's efforts to preserve documents in this case and, in particular, what if any notice he had provided to RWB and its employees about their duty to preserve evidence. Counsel responded that he told his clients to preserve the information but did not directly answer the question as to how that communication was documented.

From the submissions and oral argument, this Court concludes that RWB has not fully complied with this Court's order and the outstanding information is relevant to Mr. Mullaney's expert disclosure. Accordingly, RWB must provide all outstanding information including from relevant electronic devices as required by this Court's August 16, 2024, order by January 27, 2025. By that same date, RWB's counsel must also provide information to the Malaros regarding when and how he informed RWB and its employees about their duty to preserve information.

III. ORDER

For the foregoing reasons, this Court denies the motion to strike. It grants the Plaintiffs' request that RWB produce all discovery required by this Court's August 16, 2024, order by January 27, 2025, as well as information about RWB's counsel's efforts to inform his client about its duty to preserve evidence. The Malaros must provide an updated expert disclosure by February 27, 2025. This Court declines to provide any further relief requested by the Malaros at this time.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE