UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MAGIE MALARO and ANTHONY MALARO, | ) ) ) ) | |
| Plaintiffs/Counterclaim Defendants, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 22-10548-NMG |
| ROGER WILKIE, JR., BUILDER, INC., | ) ) ) | |
| Defendant/Counterclaim Plaintiff. | ) ) | |

ORDER ON DEFENDANT'S MOTION FOR A PROTECTIVE ORDER
[Docket No. 75]

June 24, 2025

Boal, M.J.

Defendant Roger Wilkie, Jr., Builder, Inc. ("RWB") moves for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Docket No. 75. In particular, RWB seeks to prevent the discovery of "personal cellular devices" from which this Court ordered RWB to gather information responsive to the Malaros' discovery demands. See, e.g., Docket Nos. 40 at 6 (RWB ordered to conduct a "search of electronic equipment including the phones of relevant personnel."); 59 at 5 ("RWB must provide all outstanding information including from relevant electronic devices as required by this Court's August 16, 2024, order by January 27, 2025, . . ."). For the following reasons, this Court denies the motion.[1]

I.   FACTUAL AND PROCEDURAL BACKGROUND

The Malaros allege that in or around 2020, they decided to renovate their Westport,

---

[1] Judge Gorton referred the motion to the undersigned on April 10, 2025. Docket No. 75.

1

Massachusetts home. Docket No. 1 at 2. They hired RWB, which never provided the Malaros with a written contract pursuant to M.G.L. c. 142A. Id. Rather, the Malaros drafted a "scope of work" document containing the parameters of the project and Roger Wilkie, Jr. ("Wilkie") provided a completion date of April 2021. Id.

The Malaros allege that they encountered numerous problems with the renovation. Id. at 2-4. They claim that RWB was uncommunicative and made insufficient progress on the renovations. Id. The work that was performed was defective. Id. The renovation was still incomplete in February 2022, and, as of April 2022, the costs incurred exceeded the estimated budget by $77,058.69.[2] Id. at 4.

On April 13, 2022, the Malaros filed suit against Wilkie individually and as owner of RWB. Docket No. 1. The complaint alleges: (1) breach of contract; (2) fraudulent misrepresentation; (3) conversion; (4) violation of M.G.L. c. 142A; (5) violation of M.G.L. c. 93A § 9(3); and (6) breach of the implied warranty of good workmanship. Id. On November 10, 2022, Judge Gorton dismissed the claims against Wilkie in his individual capacity, as well as the fraudulent misrepresentation claim against RWB. Docket No. 11.

RWB thereafter answered the complaint and filed three counterclaims: (1) breach of contract; (2) unjust enrichment; and (3) violation of M.G.L. c. 93A § 9. Docket No. 12. RWB seeks approximately $111,033.66 in damages. Docket No. 12 at 11. On May 19, 2023, Judge Gorton dismissed the 93A counterclaim. Docket No. 16.

A. The August 16, 2024, Order

On July 11, 2024, the Malaros filed a motion to compel discovery from RWB. Docket

---

[2] The Malaros' expert has since opined that RWB overbilled by $142,680.09 and the Malaros have spent $44,956.30 in remedial repairs. Docket No. 82 at 14; Docket No. 70-1 at 5.

2

No. 35. That motion sought to compel responses to numerous discovery requests for information potentially on phones belonging to RWB personnel. Id. RWB repeatedly stated that it had produced all of the document that it had. See, e.g., Docket No. 38 at 3. In an August 16, 2024, order, this Court found a number of deficiencies with respect to RWB's discovery responses. The methods used by RWB and its counsel to search for responsive materials were so unclear that this Court found the search "raised a number of serious concerns about the integrity and comprehensiveness of the search." Docket No. 40 at 6.[3] Accordingly, in response to the motion to compel with respect to twenty-six requests for documents, this Court ordered as follows:

> RWB must conduct a new search for material for the subject discovery requests that is overseen by counsel that includes a search of electronic equipment including the phones of relevant personnel. It also must inquire into RWB's access to Buildshare[4], the software program used for the project. It must then provide new responses to the subject discovery requests in an appropriate format that is consistent with the requirements of the Federal Rules of Civil Procedure.

Docket No. 40 at 6-7. This Court further ordered RWB to provide the information by September 6, 2024.

On September 11, 2024, after the deadline for compliance, RWB filed a motion to extend the discovery deadlines, which this Court granted. Docket No. 42. In that motion, RWB represented that it had delivered 705 pages from BuilderTrend to the Malaros by September 6,

---

[3] For example, counsel could not provide specifics about the number of employees at RWB, whether their phones were searched for text messages, or the name of RWB's IT person. He could not provide any specifics about the cloudshare program used for the project or why his client could no longer access the materials associated with the project. The nature of counsel's involvement in the search process was also unclear. Counsel repeatedly said he relied on his client and that his client was not a "tech savvy" person. Docket No. 40 at 6; see also Docket No. 82-1 at 7-9.

[4] It appears based on the parties' more recent pleadings that the correct name for the software program used for the project is "BuilderTrend."

2024. RWB further represented that it had not completed its search of electronic equipment of RWB or its personnel. Id. at 2. It raised no objection to doing so.[5]

### B. The January 10, 2025, Order

RWB then moved to strike the Malaros' expert disclosure for failure to comply with Rule 26 of the Federal Rules of Civil Procedure. Docket No. 46 at 1. In their opposition, the Malaros explained that RWB's inadequate document production hindered their ability to produce a complete expert report. Docket No. 53 at 3-4. In support, the Malaros provided evidence that RWB did not comply with this Court's August 16, 2024, order to produce all of the required materials by September 6, 2024. They attached an October 15, 2024, email, in which RWB's counsel acknowledged that it had not searched the device of an employee named Tom Zuba.[6] Docket No. 53-8. In that email, counsel makes no mention as to whether he had searched any of RWB's computers or the devices of RWB's owner, Roger Wilkie, Jr., who had direct communication with the Malaros. At oral argument, RWB's counsel confirmed that he had not searched any of the company's computers or other pertinent devices, including those of Mr. Zuba.

In a January 10, 2025, order, this Court concluded that RWB had not fully complied with the August 16, 2024, order and the outstanding information was relevant to the Malaros' expert disclosure. Docket No. 59. It further ordered RWB to provide all outstanding information

---

[5] Indeed, RWB never sought reconsideration nor appealed the August 16, 2024, order.

[6] The Malaros maintain that Zuba was the foreman on the project. Docket No. 82 at 14; see also Docket No. 76 at 4 (acknowledging failure to search the "personal cell phone of a carpenter foreman."). In the October 15, 2024, email, RWB's counsel identified "Tom Zuba" as the only current employee who worked on the Malaros' property and further stated that he did not communicate on Builder Trend. Docket No. 53-8. The Malaros expert report identifies an RWB employee as "Tom Zuber."

including from relevant electronic devices as required by this Court's August 16, 2024, order by January 27, 2025.

### C. The March 6, 2025, Order

On January 24, 2025, RWB filed a motion to confirm its compliance with the August 16, 2024, and January 10, 2025, orders. Docket No. 62. However, the January 10, 2025, order spelled out this Court's reasons for finding that RWB had not complied with the August 16, 2024, order. Docket No. 59. In its January 24, 2025, motion, RWB provided no evidence to the contrary with respect to the phones. Nor had it appealed the January 10, 2025, order. This Court further found that RWB had not fully complied with the January 10, 2025, order because it had provided no evidence that it had searched the electronic equipment of relevant RWB personnel.[7] Docket No. 71 at 5.

On April 9, 2025, RWB filed the instant motion for a protective order regarding part of the electronic evidence (the personal cellular phones) that was the subject of the August 16, 2024, January 10, 2025, and March 6, 2025, orders. Docket No. 75. On April 22, 2025, the Malaros filed an opposition. Docket No. 82. This Court heard oral argument on May 28, 2025.

## II. ANALYSIS

This order represents the fourth one to discuss the search of electronic devices by RWB. On August 16, 2024, this Court ordered RWB to conduct a "search of electronic equipment including the phones of relevant personnel." Docket No. 40 at 6. On January 10, 2025, this Court issued another order to RWB because it had still not searched the electronic equipment as ordered by the Court. Docket No. 59 at 5 ("RWB must provide all outstanding information

---

[7] RWB asserts that it has provided evidence that it attempted to search Roger Wilkie's computer and no information was found. Docket No. 76 at 7. See also Docket No. 62-2.

including from relevant electronic devices as required by this Court's August 16, 2024, order by January 27, 2025, . . ."). On March 6, 2025, in response to RWB's request that this Court find RWB in compliance with the two previous orders, I found that I could not based on the record before me and denied the request. In connection with each of the motions that resulted in these orders, the Malaros sought sanctions, which I denied.

RWB's instant motion is both untimely and frivolous. This Court has already made clear in three previous orders – the earliest of which is 10 months old – that RWB needed to search electronic equipment for responsive information. RWB never sought reconsideration nor appealed any of those orders. Nor did it express any confusion about the meaning of the orders.[8] Indeed, RWB's statements acknowledged a need, as well as a willingness, to comply with the Court's orders. For example, on September 11, 2024, in conjunction with a request for an extension, RWB's counsel stated that RWB had not "completed its search of electronic equipment of relevant RWB personnel, including phones for communications with Plaintiffs, subcontractors, vendors, and other third-parties." Docket No. 42 at 2. In that September 2024, filing, RWB did not raise any objection to the order, nor did it express any confusion as to its requirements.[9]

In the instant motion seeking a protective order, for the first time, RWB raises a number of objections to the production of the information, all of which are not only untimely but lack merit. First, the motion challenges the Court's orders because they direct RWB to disclose

---

[8] For this reason, RWB's new argument that the orders are ambiguous falls flat.

[9] In a September 9, 2024, email to opposing counsel, RWB similarly stated that it had not completed a search of all electronic equipment for project communications. Docket No. 82-7 at 2. The email expressed no confusion about the requirements of the Court's August 6, 2024, order.

personal information. Docket No. 76 at 10. The orders do no such thing. Rather, they direct counsel to search for and produce responsive information, which all pertains to work performed on behalf of RWB, on employees' personal devices. Counsel has acknowledged that RWB's employees did not have work-issued phones[10] and Zuba, in particular, did not use the Buildertrend software. Docket No. 82-8 at 2. Logically, therefore, Zuba's personal phone may contain responsive information. The orders simply directed RWB to search for responsive information on the phones of Zuba and others who may have worked on the project.

RWB also argues, for the first time, that Zuba's communications are not relevant because he did not have decision-making authority. Docket No. 76 at 18. It fails to provide any legal support for this argument, which is a red herring. The question is not whether Zuba had decision-making authority but whether he has any relevant information.

III.   ORDER

For all of these reasons, this Court denies the motion for a protective order. In conjunction with the motion practice associated with each of the three previous orders on this topic, the Malaros asked for sanctions, which this Court denied.[11] However, enough is enough. The instant motion was both untimely and frivolous. This Court will award the Malaros their

---

[10] RWB also states that Roger Wilkie "pays for [the] service" of Zuba's phone. Docket No. 76 at 10.

[11] In declining to award sanctions in conjunction with its August 16, 2024, order, this Court noted "should the Malaros seek further assistance from the Court, and such request is referred to the undersigned, I will consider Defendant's conduct that was the subject of the instant motion in any further request for sanctions." Docket No. 40 at 10-11.

fees and costs associated with opposing the instant motion.  They must submit their requested fees and costs with supporting documentation by July 8, 2025.  RWB may submit a response by July 22, 2025.


                                                /s/ Jennifer C. Boal
                                                JENNIFER C. BOAL
                                                U.S. MAGISTRATE JUDGE

Case 1:22-cv-10548-NMG    Document 87    Filed 06/24/25    Page 8 of 8

8