UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAGIE MALARO and ANTHONY MALARO, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> ROGER WILKIE, JR., BUILDER, INC., <br><br> Defendant/Counterclaim Plaintiff. | Civil Action No. 22-10548-NMG |

ORDER ON RWB'S RENEWED MOTION TO COMPEL DISCOVERY
[Docket No. 85]

July 25, 2025

Boal, M.J.

Defendant Roger Wilkie, Jr., Builder, Inc. ("RWB") has filed a "renewed" motion to compel discovery from Plaintiffs Magie Malaro and Anthony Malaro ("the Malaros"). Docket No. 85. For the following reasons, this Court denies the motion.[1]

I.      FACTUAL AND PROCEDURAL BACKGROUND

The Malaros allege that in or around 2020, they decided to renovate their Westport, Massachusetts home. Docket No. 1 at 2. They hired RWB, which never provided the Malaros with a written contract pursuant to M.G.L. c. 142A. Id. Rather, the Malaros drafted a "scope of work" document containing the parameters of the project and Roger Wilkie, Jr. ("Wilkie") provided a completion date of April 2021. Id.

The Malaros allege that they encountered numerous problems with the renovation. Id. at

---

[1] Judge Gorton referred the motion to the undersigned on June 20, 2025. Docket No. 86.

1

2-4. They claim that RWB was uncommunicative and made insufficient progress on the renovations. Id. The work that was performed was defective. Id. The renovation was still incomplete in February 2022, and the costs incurred exceeded the estimated budget by $77,058.69. Id. at 4.

On April 13, 2022, the Malaros filed suit against Wilkie individually and as owner of RWB. Docket No. 1. The complaint alleges: (1) breach of contract; (2) fraudulent misrepresentation; (3) conversion; (4) violation of M.G.L. c. 142A; (5) violation of M.G.L. c. 93A § 9(3); and (6) breach of the implied warranty of good workmanship. Id. On November 10, 2022, Judge Gorton dismissed the claims against Wilkie in his individual capacity, as well as the fraudulent misrepresentation claim against RWB. Docket No. 11.

RWB thereafter answered the complaint and filed three counterclaims: (1) breach of contract; (2) unjust enrichment; and (3) violation of M.G.L. c. 93A § 9. Docket No. 12. On May 19, 2023, Judge Gorton dismissed the 93A counterclaim. Docket No. 16.

On July 19, 2023, Judge Gorton scheduled trial to begin in this case on December 2, 2024. Docket No. 23. In response to a joint motion to extend the deadlines, Judge Gorton moved the trial to April 14, 2025. Docket No. 34.

On October 24, 2024, RWB filed two apparently identical motions[2] that sought to compel the Malaros to produce documents in response to Requests for Production ("RFP") Numbers 4, 7, 8, 11, 13, and 15, as well as further supplementation for nine interrogatory answers. Docket Nos. 48, 49. On December 10, 2024, this Court denied the motions with respect to all of the requests, with the exception of Interrogatory Number 3. Docket No. 58. I also denied the

---

[2] At oral argument, RWB's counsel would not say whether the two motions were duplicative. Nevertheless, the Malaros filed a single opposition, Docket No. 54, and I treated them as duplicative in the subsequent order. Docket No. 58 at 1 n.1.

Malaros' request for sanctions.  Id.

On April 7, 2025, Judge Gorton scheduled the trial for August 11, 2025.  Docket No. 74.

On June 18, 2025, RWB filed the instant "renewed" motion to compel with respect to the Malaros' responses to RFP Numbers 10, 13, and 15, Docket No. 85, to which the Malaros filed an opposition.  Docket No. 88.

On July 8, 2025, RWB filed a motion to extend all pretrial deadlines, as well as the trial date, based in part on pending discovery motions.  Docket No. 92.  On July 17, 2025, Judge Gorton declined to extend any discovery deadlines but did reschedule the trial to September 22, 2025.  Docket No. 106.

II.   ANALYSIS

RWB's motion is both untimely and lacks merit.[3]  RWB styles its motion as a "renewed motion."  Docket No. 85 at 1.  It appears that it is seeking reconsideration of this Court's December 10, 2024, decision, that was issued over six months before the instant motion was filed and after many discovery deadlines in this case have expired.  RWB offers no explanation as to why it waited so long to seek reconsideration.

In terms of the merits, in order to prevail on a motion for reconsideration, "a party normally must demonstrate either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact." Caribbean Mgmt. Grp., Inc. v. Erikon LLC, 966 F.3d 35, 44-45 (1st Cir. 2020) (quoting Ira Green, Inc. v. Military Sales & Serv. Co., 775 F.3d 12, 28 (1st Cir. 2014)).  "A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it

---

[3] The Malaros also argue that the motion should be denied on the basis of several procedural deficiencies with the motion.  See Docket No. 88 at 4-5.  Even if meritorious, I prefer to issue a decision on the merits in this instance.

3

certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15 (1st Cir. 2006) (quoting Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25, 426 F.3d 416, 422 (1st Cir. 2005)).  Here, RWB attempts to undo its own procedural failures and/or argues for different relief than that originally sought all under the guise of a "renewed" motion.

In its October 24, 2024, motions, RWB moved to compel the Malaros to produce documents responsive to RFP Numbers 4, 7, 8, 11, 13, and 15.  Yet, its memorandum in support of the motion only discussed deficiencies with respect to RFP Number 15. See Docket Nos. 48 at 7-8; 49 at 7-8.  When questioned about this, RWB's counsel stated that he relied on a deficiency letter attached as an exhibit to the memorandum. See Docket Nos. 48-1; 49-1.  However, as stated in the December 10, 2024, order, and omitted from RWB's brief in support of the instant motion, this Court noted that the "Malaros responded to that letter, and it is not clear therefore whether the deficiency letter represented the most up-to-date posture of the parties' dispute." Docket No. 58 at 4 n.4.  For that reason, this Court did not rely on the deficiency letter in making its decision.  As support for the "renewal" of its previous requests, RWB takes issue with this Court's statement that it should not have to hunt through an attachment to identify arguments in support of RWB's earlier motions.  However, such argument ignores the reasons the Court gave for finding the letter to not be a reliable indicator of the present posture of the parties' discovery dispute.  In addition, RWB's assertion that the "Court did not want to make the effort" to figure out RWB's arguments in support of its own motion is incorrect. See Docket No. 85 at 3.  Rather, RWB's failure to make those arguments in the first place led, in part, to the denial of most of its motions.  RWB therefore has not met the standard for reconsideration of the December 10, 2024,

decision which was occasioned in part due to its own procedural errors.

With respect to the individual requests, RWB states that "to eliminate any doubt and ensure a complete and transparent record, RWB now addresses the specific narrowed discovery request[sic] below with the requisite clarity and precision for the Court's consideration." Docket No. 85 at 5.  The standard for reconsideration, however, does not allow for a redo.  There must be new evidence, previously unavailable, or a manifest error of law.  RWB has provided no such basis.[4]  In addition, its new arguments do not provide clarity and precision.

For example, RWB contends that it is renewing its motion to compel with respect to RFP Number 10.  Docket No. 85 at 8.  However, in its deficiency letter, RWB identified no problems with the Malaros' response to RFP Number 10.  Nor was RFP Number 10 even listed in the motions to compel.  Therefore, there is nothing to reconsider.

With respect to RFP Number 13, RWB now makes arguments for different information than was sought by that RFP.  In the instant motion, RWB now seeks "all repair contractor invoices relating to the project." See Docket No. 85 at 1.  It also appears to seek documentation substantiating the Malaros' losses. Id. at 9.  It also characterizes the request as seeking "contractor invoices, estimates, payment records, and communications concerning any repair or remedial work forming the basis of [the Malaros'] claimed damages." Id. at 10.

RFP Number 13, however, sought all statements identified in Interrogatory No. 24, which in turn sought any statements made by the Malaros to any person inspecting the work performed by RWB. Docket No. 85 at 9.  The request in the instant motion does not match the documents requested by RFP Number 13.  RWB has therefore not provided a basis for

---

[4] Indeed, as addressed above, even if this Court should have, arguendo, considered the deficiency letter, RWB's motion still fails.

5

reconsideration. Accordingly, the renewed request to compel with respect to RFP Number 13 is denied.

With respect to RFP Number 15, in its December 10, 2024, order, this Court ruled directly on the merits of this request and denied the motion to compel. It gave specific reasons for its decision. See Docket No. 58 at 4. RWB seeks reconsideration because it states that the Court's reasoning "no longer applies." Docket No. 85 at 8. Rather, it states that RWB "now seeks a specific and narrow set of materials that the Malaros themselves identified as directly supporting their overbilling allegations – namely, the hour logs and surveillance footage described in Interrogatory Nos. 5, 19, and 21." Docket No. 85 at 8. While that might have been an appropriate request during the pendency of fact discovery, that is not the request made by RFP Number 15, and, at this late stage, RWB cannot change its request. Accordingly, this Court's denies the motion for reconsideration with respect to RFP number 15.

### III. ORDER

For the foregoing reasons, this Court denies RWB's renewed motion to compel.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE

6