UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )

MAGIE MALARO and ANTHONY      )
MALARO,                             )
                                   )

     Plaintiffs/Counterclaim Defendants,  )
                                   )

                  v.               )       Civil Action No. 22-10548-NMG
                                   )

ROGER WILKIE, JR., BUILDER, INC.,  )
                                   )

     Defendant/Counterclaim Plaintiff.   )
_____)

<u>ORDER ON PLAINTIFFS' MOTION FOR FEES AND COSTS</u>
[Docket No. 89]

August 20, 2025

Boal, M.J.

      On June 24, 2025, this Court denied the motion of Defendant Roger Wilkie Jr., Builder, Inc ("RWB") for a protective order. Docket No. 87.[1] Because the motion was both untimely and frivolous, this Court awarded the Plaintiffs Magie and Anthony Malaro their fees and costs associated with opposing that motion.[2] On July 8, 2025, Plaintiffs moved[3] for their requested fees and costs, along with supporting documentation, to which RWB objected on July 22, 2025. Docket Nos. 89, 110. For the following reasons, this Court orders RWB to pay $14,942.50 to the Malaros.

_____

[1] This Court assumes familiarity with its previous order that imposed monetary sanctions. The only remaining issue before this Court in conjunction with that decision is the amount of the sanctions which is addressed herein.

[2] RWB has objected to this Court's ruling, including its award of attorneys' fees. Docket No. 90. That objection is pending before Judge Gorton.

[3] Judge Gorton referred the motion to the undersigned on July 23, 2025. Docket No. 111.

I.    <u>Standard Of Review</u>

The First Circuit has summarized the principles applicable to the determination of a

reasonable attorney's fee award:

> When fashioning a fee award, the district court ordinarily starts by constructing
> what has come to be known as the lodestar. In general, the lodestar is the product
> of the number of hours appropriately worked times a reasonable hourly rate or
> rates. The party seeking the award has the burden of producing materials that
> support the request. These materials should include counsel's contemporaneous
> time and billing records, suitably detailed, and information anent the law firm's
> standard billing rates. The putative payor may submit countervailing evidence.
> The court, usually after hearing arguments, will then calculate the time counsel
> spent on the case, subtract duplicative, unproductive, or excessive hours, and
> apply prevailing rates in the community (taking into account the qualifications,
> experience, and specialized competence of the attorneys involved).

<u>Hutchinson ex rel. v. Patrick</u>, 636 F.3d 1, 13 (1st Cir. 2011) (internal citations and quotation

marks omitted).

The first step in calculating the lodestar amount involves determining the reasonable

hourly rate.  The reasonable hourly rate is the rate "prevailing in the community for similar

services by lawyers of reasonably comparable skill, experience and reputation."  <u>Norkunas v.

HPT Cambridge, LLC</u>, 969 F. Supp.2d 184, 197 (D. Mass. 2013) (citation omitted).  "The fee-

seeker must carry the burden of establishing the prevailing hourly rate (or schedule of rates) in

the community for the performance of similar legal services by comparably credentialled

counsel."  <u>Hutchinson</u>, 636 F.3d at 16 (citations omitted).

Partner Jonathon Friedman and associate Casey Sack of Rudolph Friedman LLP has filed

notices of appearances on behalf of the Malaros.  Associate Kenneth Wybieracki and paralegal

Jonathan Sewell also performed a small amount of work on the subject opposition.  Mr.

Friedman billed zero hours to the handling of the opposition notwithstanding his attendance at

oral argument and therefore his hourly rate is not at issue.  Ms. Sack is an attorney with four

years of experience and her rate during the pendency of this case has ranged from an hourly rate of $325 per hour in 2022 to $395 in 2025.  Nevertheless, Ms. Sack billed the Malaros at a cut rate of $375 per hour in 2025, and that is the rate sought here.  Mr. Wybieracki's hourly rate is $275 and Mr. Sewell's is $150.  In its opposition, RWB does not challenge these hourly rates.  Nevertheless, this Court has carefully reviewed them and finds that the rates are commensurate with the attorneys' years of experience and based on market rates in Boston, Massachusetts.

II.    Calculation Of Attorney's Fees

"Typically, a court proceeds to compute the lodestar amount by ascertaining the time counsel actually spent on the case and then subtracting from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary." Cruz v. Bos. Litigation Solutions, No. 13-11127-LTS, 2016 WL 11661320, at *2 (D. Mass. Apr. 4, 2016) (quoting Guckenberger v. Bos. Univ., 8 F. Supp. 2d 91, 100 (D. Mass. 1998).  The First Circuit does not require courts to set forth an hour-by hour analysis of a fee request.  Id. (quotations omitted). "Nevertheless, when a district court makes a substantial reduction in fees requested, the Court should offer reasonably explicit findings and has a burden to spell out the whys and wherefores." Id. (internal quotations and citations omitted).

The Malaros' attorneys have submitted detailed contemporaneous time records.  Ms. Sack explained that she is the primary attorney on the case and therefore the bulk of the request is for her time.  She represents that she has redacted and removed every time entry that was incurred with any task other than opposing Defendant's motion for a protective order.  Docket No. 89-3 at 1.  She also represents that if the task for which time was billed was not readily apparent, she reviewed her email account to confirm that the time entry was related to the subject opposition.  Id.  As a result, the time submitted for is strictly related to the subject motion for a

protective order.  Id. at 2.  Accordingly, Ms. Sack spent 33.20 hours drafting the opposition, as well as preparing for and attending oral argument.  That amount multiplied by her reduced hourly rate is $12,380.  When the couple of hours spent by Mr. Wybieracki and Mr. Sewell are added, the total fees sought for the opposition is $12,880.  In addition, the Malaros seek $2,062.50, the cost of preparing this fee petition, bringing the total to $14,942.50.

RWB's opposition contains many conclusory and unsupported assertions.  For example, it asserts that reduction is appropriate if the hours include charts for two or more lawyers where one would do.  Docket No. 110 at 2.  RWB provides no specifics to justify that assertion in this case.  Indeed, Ms. Casey performed almost all of the work for the fees sought.  The Malaros only seek one hour of compensation for Mr. Wybieracki.  This case is therefore hardly the case where two or more lawyers are performing a task that should have been done by one.

In addition, RWB seeks to relitigate the merits of this Court's order granting sanctions without presenting anything new.  Id. at 3-4.  Finally, RWB argues that the request is "excessive and unreasonable given the nature of the motion at issue and the governing legal standards."  Id. at 2.  That argument ignores RWB's behavior that led to the sanctions.  This Court had to rule four times that RWB was required to produce certain documents responsive to the Malaros' discovery requests and only awarded sanctions with respect to the last motion.  The Malaros therefore were forced to detail the entire history of this issue and RWB's ever-changing positions causing them to spend significantly more time in filing this last opposition than would normally be required for this type of motion.

III.    Order

For the foregoing reasons, this Court awards attorney's fees to the Malaros in the amount of $14,942.50.  Because RWB has objected to this Court's ruling, which is pending before Judge

Gorton, such award shall be paid only if Judge Gorton overrules the objections.  Should he do so,

RWB must pay the sanctions two weeks after that ruling.

 /s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE
