UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAGIE MALARO, and <br> ANTHONY MALARO, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> ROGER WILKIE, JR., BUILDER, INC., <br><br> Defendant/Counterclaim Plaintiff. | C.A. NO. 1:22-CV-10548-NMG |

**DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE RWB FROM DENYING LITIGATION MISCONDUCT AGAINST THE MALAROS AND FOR ADVERSE JURY INSTRUCTIONS**

NOW COMES the Defendant, Roger Wilkie Jr., Builder, Inc. ("RWB" or "Defendant"), by and through undersigned counsel, and respectfully submits this Opposition to Plaintiffs' Motion in Limine to Preclude RWB from Denying Litigation Misconduct against the Malaros' and for Adverse Jury Instructions ("Opposition"). Plaintiffs' request is procedurally improper and misuses a motion in limine, which addresses evidentiary issues—not jury instructions or legal conclusions. A cursory review of the applicable rules reveals this motion is meritless, and RWB respectfully requests attorneys' fees for the unnecessary burden of opposing it.

Plaintiffs' allegations of misconduct, both in this case and in a now-closed state court matter, are gross distortions of the record. Their motion ignores the complex procedural history, ongoing discovery disputes, and their own role in creating confusion and delay. What Plaintiffs portray as misconduct is in fact the product of unclear court orders, evolving obligations, and their own strategic litigation tactics which included the blatant misrepresentation to this Court that

1

BuilderTrend discovery was not delivered. Their request for an adverse instruction is wholly unjustified and must be denied.

## ARGUMENT

### I.  *Plaintiffs Request for Adverse Jury Instruction is Procedurally Improper.*

Plaintiffs' request for an adverse jury instruction is procedurally defective and must be denied on that basis alone. It is well settled in this Circuit that, "[m]otions in limine are a tool for trial lawyers to petition the court to ***exclude or to include particular pieces of evidence***. Judges request them before the trial begins so that thorny evidentiary questions do not interrupt or slow down the proceedings." *U.S. Bank National Association as Trustee of Holders of Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005-He8, Asset Backed Pass-Through Certificates, Series NC 2005-HE8 v. Richmond*, No. 2:21-cv-00208-JAW, 2025 WL 1654901, at *4 (D. Me. June 11, 2025) (quoting *United States v. Grullon*, 996 F.3d 21, 28 n.8 (1st Cir. 2021)) (emphasis added.) Even in the broadest sense, the U.S. Supreme Court has held that motions in limine refer to "any motion, whether made before or during trial ***to exclude anticipated evidence*** before the evidence is actually offered." *Richmond*, 2025 WL 2025 WL 1654901, at *4 (quoting *Luce v. United States*, 469 U.S. 38, 40 (1984) (emphasis added.)

Against this backdrop, Plaintiffs' motion is especially troubling given the decisive impact of jury instructions and the limited role motions in limine are meant to play. Most notably, in *United States v. Manahe*, the court was tasked with deciding whether a motion in limine could properly be used to challenge the content and propriety of proposed jury instructions, rather than to address the admissibility of evidence. No. 2:22-cr-00013-JAW, 2023 WL 2290500, at *1-3 (D. Me. Feb. 28, 2023). The Court, citing *Luce*, *supra*, opined that:

> "The Court views the Defendants' motion in limine as unusual because it does not address the admissibility of evidence but the

> propriety of jury instructions . . . *United States v. Takesian*, 945 F.3d 553, 561 n.3 (1st Cir. 2019) ("An objection based on the Federal Evidence Rules may be made during trial ...[.] But a party can ask for a decision under the Rules before trial, which is what an in limine motion is") There is a procedure by which jury instructions submissions and objections are presented to the Court, which the parties complied with . . . **Because the Defendants' motion in limine raises objections to proposed jury instructions, which are issues of law, not evidence, the Court is dismissing the motion in limine as the improper use of a motion in limine**.

*Manahe*, 2023 WL 2290500, at *3 (internal citations omitted) (emphasis added.); *see also August Image, LLC v. Line Financial, PBC*, No. 2:23-05492 MWC, 2025 WL 699518, at *3 (C.D. Cal. Feb. 4, 2025) (Finding that the defendant's motion in limine seeking a special jury instruction was procedurally improper because "[a] motion in limine is not the proper vehicle for requesting jury instructions.") (quoting *Aslan v. Ferrari N. Am., Inc.*, No. 2:16-CV-02574-AB-SS, 2018 WL 6321635, at *1 (C.D. Cal. Oct. 19, 2018)).

Consequently, because Plaintiffs' motion seeks relief that lies entirely outside the scope of a motion in limine, it must be denied as procedurally improper. Plaintiffs should not be permitted to sidestep the established process for jury instructions, and RWB respectfully requests that the Court deny the motion in its entirety and award attorneys' fees incurred in preparing this opposition.

## II. Plaintiffs' Claim of Litigation Misconduct are Wholly Mischaracterized and Unsupported by the Record.

Even setting aside the procedural impropriety of their motion, Plaintiffs' request for an adverse jury instruction rests on a deeply distorted account of the litigation history. In the now-closed state court action, RWB's filing was not "misconduct"—it was a legitimate attempt to preserve its mechanic's lien rights under Massachusetts law, which were ultimately adjudicated in that separate forum. While the court dismissed the lien claim based on judicial estoppel, that ruling

addressed a legal inconsistency—not bad faith or abuse of process. Plaintiffs conflate an adverse outcome with misconduct, and their reliance on a partial fee award under Chapter 231, § 6F ignores that the dismissal was based on procedural arguments, not any factual finding of impropriety.

In the federal action, Plaintiffs' misconduct claims are even weaker. From the outset, RWB has faced a shifting and asymmetrical set of discovery obligations, repeatedly required to supplement, certify, and produce under ambiguous and burdensome orders. The Court has compelled discovery from the personal devices of non-party employees—most notably through its June 24, 2025, Order, now subject to RWB's pending Rule 72(a) objection—without any formal motion from Plaintiffs or evidentiary showing of relevance, while imposing no comparable burden on the Malaros'. This unprecedented and unjustified obligation concerning a non-party employee's personal cellphone exemplifies the one-sided and unbalanced discovery demands placed solely on RWB throughout this litigation.

Notably, Plaintiffs have not filed a motion to compel since July 2024, yet they now claim prejudice from supposed discovery failures while continuing to withhold documents they identified in their own interrogatory responses, including hour logs, surveillance footage, and contractor invoices. *See* Docket No. 85. Meanwhile, RWB has produced over 2,000 pages of records, including over 700 pages from BuilderTrend. Plaintiffs' own expert relied exclusively on that data in forming his opinion, undercutting any claim that critical information remains missing. Their request for an adverse instruction seeks to weaponize judicial discretion in response to procedural complexity they helped create, and must be denied.

**WHEREFORE**, for the foregoing reasons, RWB respectfully requests that this Honorable Court deny Plaintiffs' Motion in Limine to Preclude RWB from Denying Litigation Misconduct and for Adverse Jury Instructions in its entirety. RWB further requests that the Court award

4

attorneys' fees and costs incurred in responding to this procedurally improper and factually baseless motion, and grant such other and further relief as the Court deems just and proper.

            Defendant,
            Roger Wilkie, Jr., Building, Inc. By
            its Attorneys,


            */s/ David M. Campbell*
            David M. Campbell, Esquire (#645512)
            Joseph Carnevale, Esquire (#687702)
            Savage Law Partners, LLP
            564 South Water Street
            Providence, RI 02903
            Telephone:(401)238-8500
            dcampbell@savagelawpartners.com
            jcarnevale@savagelawpartners.com

## CERTIFICATE OF SERVICE

  I hereby certify on this 2nd day of September, 2025, that a true copy of the above document was served upon the attorney of record for each party registered therein through the ECF System electronically pursuant to R.Civ. P. 5(b)(2)(E) and Local Rule 5.4(c).

            */s/ David M. Campbell*