United States District Court
District of Massachusetts

|  |  |
|---|---|
| MAGIE MALARO AND ANTHONY MALARO, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ROGER WILKIE, JR., BUILDER, ) <br> INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. <br> 22-10548-NMG |

**MEMORANDUM & ORDER**

Now before the Court are the conflicting status reports from the parties regarding the compliance of defendant, Roger Wilkie, Jr., Builder, Inc. ("RWB" or "defendant"), with this Court's prior order (Docket No. 106) to turn over all discoverable information on or before August 15, 2025. After further consideration, the Court finds that defendant has not complied with that order. As such, default judgment will enter for plaintiff and the Court will dismiss all defendant's counterclaims, pursuant to Fed. R. Civ. P. 37(b)(2).

A district court must consider many factors when imposing sanctions for discovery violations, including

> whether the offending party was on notice of the potential sanction and had the opportunity to argue against it, as well as "the severity of the discovery violations, legitimacy of the party's excuse for failing to comply, repetition of the violations, deliberateness of the

misconduct, mitigating excuses, prejudice to the other party and to the operations of the court, and adequacy of lesser sanctions."

United States v. 2008 33' Contender Model Tournament Vessel, 990 F.3d 725, 727 (1st Cir. 2021) (quoting AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 429, 435 (1st Cir. 2015)).

In this case, all factors weigh in favor of entering a default judgment. First and foremost, this Court put RWB on notice that default judgment would result if it continued to ignore its discovery obligations after the imposed deadline. See Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 7 n.4 (1st Cir. 2002) ("It is, of course, settled that a trial judge does not need to exhaust milder sanctions before resorting to dismissal when a noncompliant litigant has disregarded court orders and has been suitably forewarned.").

The seriousness of RWB's violations cannot be understated. After claiming to conduct a "search" of relevant employee devices, RWB managed to uncover only one responsive text message. Such a result strains credulity in an action arising out of a multi-year renovation project for which defendant served as the prime contractor. RWB's search results are all the more untrustworthy in light of the screenshots, provided by plaintiffs, of multiple text messages between themselves and defendant's employees, none of which were identified in RWB's "search." Consequently, either RWB is withholding relevant

messages or it did not preserve them.

This is only the most recent in a series of failures of RWB to comply with discovery obligations and directives of this Court(Docket Nos. 40, 59, 71, 87).  The instant action has been pending for almost three years due to defendant's intransigence and the trial has been postponed several times to afford the parties sufficient time to finalize discovery.  All the while, plaintiffs have continued to incur costs litigating against an opponent who obfuscates and delays. No more.

### ORDER

For the foregoing reasons, all counterclaims of defendant are **DISMISSED** with prejudice, and **DEFAULT JUDGMENT** is entered against defendant as to all plaintiff's claims.

Because damages are not for a sum-certain, plaintiff is directed to submit their memorandum in support of an award of damages on or before Friday, October 3, 2025, and defendant its opposition, if any, on or before Friday, October 24, 2025.

So ordered.

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: September 5, 2025